UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| JOE HAND PROMOTIONS,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>STEVEN MELENDEZ GONZALEZ, et al.,<br><br>　　　　Defendants. | 1:10-cv-00134 OWW DLB<br><br>MEMORANDUM DECISION PERMITTING SUPPLEMENTAL BRIEFING RE MOTION FOR APPOINTMENT OF RECEIVER (DOC. 21) |
|---|---|

　　　Plaintiff, Joe Hand Promotions, obtained default judgment against Defendants, Seven Melendez Gonzales and Wendy M. Raygoza, d/b/a Fattie Albert's Pizza Co., in the amount of $20,800.00 for violations of various telecommunications statutes, namely 47 U.S.C. §§ 553, 605, and for conversion of plaintiff's property. Doc. 16.  Judgment was entered September 30, 2010. *Id*. The complete balance of the judgment remains unpaid.  Plaintiff now seeks to enforce the judgment under the laws of California pursuant to Federal Rule of Civil Procedure 69(a).  Doc. 21.

　　　The violations and conversion occurred in the operation of a business known as Fattie Albert's Pizza Co., a/k/a Fatte Alberts Pizza Company, located in Hanford, California.  Defendant is the owner of a liquor license bearing number 443997.  Declaration of David J. Cook, Doc. 21-3, ¶5.  Plaintiff seeks the appointment of

a receiver to take possession of and sell the liquor license. Doc. 21.

Federal Rule of Civil Procedure 66 provides for the appointment of receivers:

> These rules govern an action in which the appointment of a receiver is sought or a receiver sues or is sued. But the practice in administering an estate by a receiver or a similar court-appointed officer must accord with the historical practice in federal courts or with a local rule. An action in which a receiver has been appointed may be dismissed only by court order.

A recent Northern District of California decision addressed the application of Rule 66 vis-a-vis state law in a similar circumstance:

> ... Rule 66 does not provide the specifics for appointing a receiver to sell a liquor license in satisfaction of a money judgment. *See Office Depot Inc. v. Zuccarini*, 596 F.3d 696, 701 (9th Cir. 2010) (Rule 66 does not specify proper location for appointment of a receiver; therefore, state law governs this issue). Because no federal statute applies to the appointment of a receiver for the sale of a liquor license, Rule 69(a) dictates that state law is followed in this instance. *See In re Levander*, 180 F.3d 1114, 1121 (9th Cir. 1999) (Rule 69(a) allows judgment-creditors to use state law to collect on their debts).

*J & J Sports Productions, Inc. v. Huezo*, 2011 WL 1134265, 1 (N.D. Cal. 2011).

Under California law, Plaintiff is entitled to levy its judgment upon the property of defendant pursuant to Cal. Code Civ. Pro. § 669.710, which provides:

> Except as otherwise provided by law, all property that is subject to enforcement of a money judgment pursuant to Article 1 (commencing with Section 695.010) of Chapter 1 is subject to levy under a writ of execution

to satisfy a money judgment.

With some exceptions, "all property of the judgment debtor is subject to enforcement of a money judgment." Cal. Code Civ. Pro. § 695.010(a).

Cal. Code Civ. Pro. § 708.630 specifically permits the application of a liquor license to the satisfaction of a money judgment. This statute, which is not discussed in Plaintiff's brief, also provides for the appointment of a receiver:

> (a) The judgment debtor's interest in an alcoholic beverage license may be applied to the satisfaction of a money judgment only as provided in this section.
>
> (b) The court may appoint a receiver for the purpose of transferring the judgment debtor's interest in an alcoholic beverage license that is transferable under Article 5 (commencing with Section 24070) of Chapter 6 of Division 9 of the Business and Professions Code, unless the judgment debtor shows in the proceeding to appoint a receiver that the amount of delinquent taxes described in Section 24049 of the Business and Professions Code and claims of creditors with priority over the judgment creditor pursuant to Section 24074 of the Business and Professions Code exceed the probable sale price of the license.
>
> (c) The receiver may exercise the powers of the licensee as necessary and in exercising such powers shall comply with the applicable provisions of Division 9 (commencing with Section 23000) of the Business and Professions Code and applicable regulations of the Department of Alcoholic Beverage Control. An application shall be filed to transfer the license to the receiver and a temporary retail permit shall be obtained during the pendency of the transfer.

The legislative comment to § 708.630 "indicates that, because alcoholic beverage licenses are not subject to levy under a writ of execution and because the Alcoholic Beverage Control Act, California Business and Professions Code §§ 23000 *et seq.,* provides detailed procedures for the sale of alcoholic beverage

3

licenses, use of a receiver is appropriate for the sale of such a license to satisfy a money judgment." *J&J Sports v. Huezo*, 2011 WL 1134265, *2.

Before appointing a receiver under section 708.630, a court must ensure that "the amount of delinquent taxes described in Section 24049 of the Business and Professions Code and claims of creditors with priority over the judgment creditor pursuant to Section 24074 of the Business and Professions Code" do not "exceed the probable sale price of the license." As this is an action in default, Plaintiff must establish (a) the value of the liquor license through an appraisal; (b) that any tax delinquency or claims of creditors do not exceed the value of the license.

More generally, Cal. Code Civ. Pro § 708.620, which governs the circumstances in which a receiver may be appointed, provides:

> The court may appoint a receiver to enforce the judgment where the judgment creditor shows that, considering the interests of both the judgment creditor and the judgment debtor, the appointment of a receiver is a reasonable method to obtain the fair and orderly satisfaction of the judgment.

Here, Plaintiff claims to have sent post-judgment discovery to Defendant in an attempt to locate Defendant's assets and maintains that these discovery demands and interrogatories have been ignored. Plaintiff also claims to have attempted to contact Defendant on many occasions. However, Plaintiff offers no evidentiary support for these assertions. Plaintiff must supplement its motion with evidence to support a good cause

4

showing.

## CONCLUSION

Plaintiff shall supplement its motion for appointment of a receiver as described above on or before June 27, 2011.  Upon receipt of Plaintiff's supplemental filing, the motion shall be submitted for decision.

SO ORDERED
Dated: June 13, 2011

<u>Oliver W. Wanger</u>
United States District Judge
